IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NELL V. MCCLUNG,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC., HOUSEHOLD FINANCE CORPORATION III,<br><br>    Defendants. | No. 3:18-CV-00365-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Plaintiff Nell V. McClung filed three motions now before the Court: (1) a "Motion to Reconsideration of Orders Regarding HFC III Service and Summary Judgment with Brief in Support per F.R.Civ.P. 59(e)" (ECF No. 20); (2) a "Motion to Revoke Order to Remove and/or Dismiss Household Finance Corporation III Issued on March 19, 2018" (ECF No. 23); and (3) a "Motion to Enter Facts of Defendants Attorneys Ethical Conduct Violations of Rule 4.01 Truthfulness in Statements to Others, as well as Real Estate Fraud F.R.Civ.P59(e)" (ECF No. 25). For the reasons stated, the Court recommends that Plaintiff's Motion to Reconsider (ECF No. 20) and Motion to Revoke (ECF No. 23) be DENIED. The Court further DENIES

Plaintiff's Motion to Enter Facts. (ECF No. 25).

## Background

In 2006, Plaintiff obtained a mortgage loan from Household Finance Corporation III ("HFCIII"). Pl.'s Pet. 3 (ECF No. 1-5); Defs.' Br. Support 7-8 (ECF No. 9). In 2014, HFCIII assigned the loan to LSF8 Master Participation Trust; and, LSF8 later assigned the loan to U.S. Bank Trust, N.A. ("U.S. Bank Trust"). Defs.' Br. Support 8. Plaintiff defaulted on the loan in September 2016, and, as a result, Caliber Home Loans, Inc. ("Caliber"), the mortgage servicer, sent Plaintiff a notice of default and a right to cure letter. *Id.* Because Plaintiff did not cure the default, the law firm representing Caliber sent her a notice of acceleration on February 2, 2017. *Id.* Plaintiff filed this lawsuit on November 13, 2017, in the 160th Judicial District Court of Dallas County, Texas, to prevent foreclosure of her home. *See* Notice of Removal 1-2 (ECF No. 1). Plaintiff's petition asserted claims against HFCIII, U.S. Bank Trust, and Caliber under the Federal Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). *Id.* 1, 4-5' Pl.'s Pet. 1. Defendants timely removed the case to federal court based on federal question jurisdiction. Notice of Removal 4-5.

On March 19, 2018, the District Court dismissed Plaintiff's claims against HFCIII without prejudice for failure to effect service on HFCIII. Order (ECF No. 11). On May 29, 2018, the District Court entered an order dismissing Plaintiff's claims against U.S. Bank Trust and Caliber without prejudice and stating that

those claims would be dismissed with prejudice if Plaintiff continued to ignore the Defendants' summary-judgment motion and did not respond by June 28, 2018. Order (ECF No. 15). However, because the Court stayed the case for 90 days on June 1, 2018, Plaintiff's claims against U.S. Bank Trust and Caliber were not dismissed with prejudice. Order (ECF No. 19). Instead, the Court considered Defendants' summary-judgment motion on the merits and issued separate findings, conclusions, and a recommendation on that motion. Defendants U.S. Bank Trust and Caliber filed a response (ECF No. 24) to Plaintiff's Motion to Reconsider , wherein they also reference Plaintiff's Motion to Revoke. Thus, those Motions are ripe for determination.

## Legal Standards and Analysis

Plaintiff's Motion to Reconsider and Motion to Revoke appear to be motions asking the Court to reconsider its dismissal of her claims against HFCIII without prejudice and its Order stating that her claims against U.S. Bank Trust and Caliber would be dismissed with prejudice if she did not respond to Defendants' motion for summary judgment by June 28, 2018. *See Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) (per curiam) (citations omitted) ("[A] *pro se* plaintiff's pleadings are liberally construed."). While the Federal Rules of Civil Procedure do not specifically provide for "motion[s] to reconsider" such motions may be construed either as Rule 59(e) motions to alter or amend a judgment or Rule 60(b) motions for relief from a judgment. *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004) ("If the motion is filed within ten [now 28] days of

3

the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.") (citing *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir. 1998)); *Randle v. Lockwood*, 2017 WL 892493 at *17 n.7 (W.D. Tex. Mar. 6, 2017) (noting the 2009 amendments to the Federal Rules changing Rule 59(e)'s deadline from 10 to 28 days).

<u>Federal Rule of Civil Procedure 59(e)</u>

Federal Rule of Civil Procedure 59(e) provides that, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). While a district court has considerable discretion in deciding a Rule 59(e) motion, reconsideration of a prior order should be used sparingly. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (citation omitted). A Rule 59(e) motion "'calls into question the correctness of a judgment,'" and should not be used to "rehash[ ] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (first quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); then citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence'" and is considered "an extraordinary remedy." *Id.* (first quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); then citing *Clancy*

4

*v. Emp'rs Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

### Federal Rule of Civil Procedure 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The movant bears the burden of establishing "that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct," and the district court has discretion in determining whether the burden has been met. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citations omitted); *Evenson v. Sprint/United Mgmt. Co.*, 2011 WL 3702627, at *4 (N.D. Tex. Aug. 23, 2011). The alleged conduct must prevent "the losing party from fully and fairly presenting his case or defense." *Rozier,* 573 F.2d at 1339 (citing *Toledo Scales Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923); *Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953)). "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* Relief under Rule 60(b)(3) is timely if filed "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's Motion to Reconsider and Motion to Revoke both challenge the District Court's March 19, 2018 Order dismissing Plaintiff's claims without

5

prejudice against HFCIII. To the extent that Plaintiff's Motion to Reconsider also challenges the District Court's May 29, 2018 Order dismissing Plaintiff's claims against Defendants U.S. Bank Trust and Caliber without prejudice and admonishing Plaintiff that the dismissal would be converted to one with prejudice if she continued to ignore the Defendants' summary-judgment motion and the Court's orders, such challenge is moot since the District Court did not dismiss those claims with prejudice during the case's 90-day stay. Instead, the Court considered Defendants' summary judgment motion on the merits. Accordingly, the Court will consider the two motions together with respect to the March 19, 2018 Order.

Plaintiff's Motion to Reconsider and Motion to Revoke are untimely under Federal Rule of Civil Procedure 59(e). Plaintiff challenges the Court's March 19, 2018 Order in her Motion to Reconsider, filed on August 29, 2018, and her Motion to Revoke, filed on September 9, 2018. A timely challenge to the March 19, 2018 Order under Rule 59(e) must have been filed within 28 days of that order, by April 16, 2018. Because the Motions are untimely under Rule 59, the Court will consider them under Rule 60(b).

With respect to Rule 60(b), Plaintiff requests relief under Rule 60(b)(3) specifically. Plaintiff maintains that Defendants removed the case to federal court to defraud and mislead her such that the District Court's March 19, 2018 Order is invalid. Mot. Reconsider 2; Mot. to Revoke 1 ("Defendant's [sic] intentionally and knowingly committed fraud and ethical violations . . ."). Plaintiff alleges that

6

Defendants acted fraudulently, generally, and fails to assert specific facts to establish that the order was "unfairly obtained." Throughout the Motions, Plaintiff appears to challenge the validity of Defendants' removal of the case; the case, however, was properly removed under 28 U.S.C. § 1331 since Plaintiff's FDCPA, TILA, and RESPA claims arise under federal law. Notice of Removal 1, 4-5. Because Plaintiff has not stated any plausible ground for relief from the March 19, 2018 Order, her Motion to Reconsider and Motion to Revoke should both be denied.

## II.

Last, Plaintiff's Motion to Enter Facts essentially functions as an additional complaint, reurging her original claims against Defendants and asserting new claims against defense counsel. In her Motion, Plaintiff reasserts the FDCPA, TILA, RESPA, and fraud in a real estate transaction claims against Defendants that she alleged in her Petition. Pl's Pet. In addition to those claims, however, she raises new claims against Defendants' attorneys. Specifically, she maintains that Defendants' attorneys violated Texas Disciplinary Rule of Professional Conduct 4.01, "Truth in Statements to Others," by defending against her claims. Tex. Disciplinary R. Prof'l Conduct 4.01(a)-(b) (prohibiting "mak[ing] a false statement of material fact or law to a third person; or fail[ing] to disclose a material fact to a third person when disclosure is necessary to avoid making the lawyer a party to a criminal act or knowingly assisting a fraudulent act perpetrated by a client").

Plaintiff improperly asserts new claims against new defendants, without

7

leave of court, nine months after she filed her initial pleading. Pl.'s Pet. 2. Except within 21 days of serving a pleading, or within 21 days of the date its response was served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). Thus, the time to amend her pleadings has long expired, and Plaintiff may not now assert new claims. Furthermore, Plaintiff cannot sue defense counsel for alleged violations of the Texas Disciplinary Rules of Professional Conduct. Tex. Disciplinary R. Prof'l Conduct Preamble ¶ 15 ("Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached."). Accordingly, Plaintiff's Motion to Enter Facts is DENIED.

### Recommendation

For the reasons stated, the District Court should DENY Plaintiff's "Motion to Reconsideration of Orders Regarding HFC III Service and Summary Judgment with Brief in Support per F.R.Civ.P 59(e)" (ECF No. 20) and "Motion to Revoke Order to Remove and/or Dismiss Household Finance Corporation III Issued on March 19, 2018" (ECF No. 23).

The Court further DENIES Plaintiff's "Motion to Enter Facts of Defendants Attorneys Ethical Conduct Violations of Rule 4.01 Truthfulness in Statements to Others, as well as Real Estate Fraud F.R.Civ.P59(e)." (ECF No. 25).

**SO RECOMMENDED.**

January 24, 2019.  _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).