IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NELL V. MCCLUNG,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC., HOUSEHOLD FINANCE CORPORATION III<br><br>    Defendants. | No. 3:18-CV-00365-B-BT |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Defendants U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust ("U.S. Bank Trust"), and Caliber Home Loans, Inc. ("Caliber") filed a Motion for Summary Judgment in this *pro se* civil action for alleged violations of the Fair Debt Collection Practices Act, Truth in Lending Act, Real Estate Settlement Procedures Act, and fraud in a real estate transaction. (ECF No. 8). For the following reasons, the District Court should GRANT the Motion.

### Background

On November 20, 2006, Plaintiff entered into a loan agreement with Household Finance Corporation III ("HFCIII")[1] for $159,990.50. Pl.'s Pet. 3 (ECF

---

[1] On March 19, 2018, the Court dismissed without prejudice Plaintiff's claims against HFCIII for failure to effect service on HFCIII. Order (ECF No. 11).

No. 1-5); Defs.' Br. Support 7-8 (ECF No. 9). As part of the loan agreement, Plaintiff executed a mortgage on certain residential property located in Richardson, Texas (the "Property"), to secure her repayment of the loan. Defs.' Br. Support 6, 9. HFCIII assigned the loan agreement and the mortgage to LSF8 Master Participation Trust on May 29, 2014; LSF8 then assigned the loan agreement and the mortgage to U.S. Bank Trust on March 8, 2017. *Id.* 8.

Plaintiff executed a modification agreement on February 17, 2015, to reduce the balance on which interest was accruing and lower the interest rate for a period of time—the Reduction Period. *Id.*; Defs.' App. 42-46 (ECF No. 10). Plaintiff failed to make her monthly payment due on September 27, 2016, and, as a result, Caliber, the mortgage servicer, sent Plaintiff a notice of default and a right to cure letter. *Id.*; Defs.' App. 58. Because Plaintiff did not cure the default, the law firm representing Caliber sent her a notice of acceleration on February 2, 2017. Defs.' Br. Support 8; Defs.' App. 110.

On November 13, 2017, Plaintiff filed this lawsuit in the 160th Judicial District Court of Dallas County, Texas. By her petition, Plaintiff seeks to prevent foreclosure of the Property and alleges that: Defendants failed to respond to her inquiries regarding ownership of her loan; Defendant Caliber attempted to fraudulently induce her into a loan modification agreement; and Defendants sent her notices missing disclosures in violation of the Federal Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), and Truth in

Lending Act ("TILA"). Defs.' Br. Support 6. Defendants timely removed the case to federal court on the basis of federal question jurisdiction.

While this lawsuit has been pending, Plaintiff sold the Property to a third party. *See* Jt. Status Rep. 7 (ECF No. 26). In connection with that transaction, and at Plaintiff's request, U.S. Bank provided a lien release to Plaintiff, and U.S. Bank received a portion of the funds from the sale. *Id.* 8. However, the sale of the Property does not moot all of Plaintiff's claims. Accordingly, Defendants move for summary judgment.[2]

Despite being given multiple opportunities, Plaintiff has not filed a response to Defendants' summary judgment motion. Instead, she filed three motions that are not responsive to Defendants' summary judgment arguments: (1) a "Motion to Reconsideration of Orders Regarding HFC III Service and Summary Judgment with Brief in Support per F.R.Civ.P. 59(e)" (ECF No. 20); (2) a "Motion to Revoke Order to Remove and/or Dismiss Household Finance Corporation III Issued on March 19, 2018" (ECF No. 23); and (3) a "Motion to Enter Facts of Defendants Attorneys Ethical Conduct Violations of Rule 4.01 Truthfulness in Statements to

---

[2] Due to Plaintiff's persistent failure to prosecute her case, the Court previously dismissed Plaintiff's claims against Defendants without prejudice and warned Plaintiff that the dismissal would be converted to one with prejudice if Plaintiff continued to ignore the Court's orders. Order (ECF No. 15). Within days, Plaintiff filed a Notice stating that she had not responded earlier because she had been ill and had moved. *See* Notices (ECF No. 16, 17). In the interest of justice, the Court finds that it should consider Defendants' summary judgment motion on the merits.

3

Others, as well as Real Estate Fraud F.R.Civ.P59(e)" (ECF No. 25).[3] The Court, therefore, considers the summary judgment motion without the benefit of a response.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence . . . ." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)). The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D.

---

[3] The Court will address these motions by separate order.

4

Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). The court is under no duty to "sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16, n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

The Court first addresses Plaintiff's state law claims challenging the validity of the mortgage assignment and alleging fraud in a real estate transaction before turning to her FDCPA, RESPA, and TILA claims.

### "Split-the-Note" Theory

Plaintiff appears to allege that Defendants did not have authority to foreclose on the Property because they cannot prove they legally hold the loan agreement or show proof of a valid assignment. *See* Pl.'s Pet. 5. The "split-the-note" theory states "that a transfer of a deed of trust . . . 'splits' the note from the deed of trust, thus rendering both null." *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 254 (5th Cir. 2013). Under the theory, to foreclose, a party must hold both the note and deed of trust. *Id.* But the Fifth Circuit concluded that the "split-the-note" theory is invalid under Texas law "where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.* at 255 ("The

5

Texas Property Code provides that 'a mortgage servicer' may administer foreclosure on behalf of a mortgagee if 'the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage,' proper notice is given and notice discloses that the mortgage servicer represents the mortgagee." (quoting TEX. PROP. CODE § 51.0025)). Thus, the foreclosing party need not possess the note itself. *Id.*; *see also Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The court correctly recognized that the 'weight of Texas authority' supports the proposition that the party owning the deed of trust need not also show that it is the owner or holder of the note in order to foreclose." (citing *Martins*, 722 F.3d at 255)). Here, Defendant Caliber, the mortgage servicer, initiated foreclosure proceedings by sending Plaintiff an acceleration letter through its law firm, Barrett Daffin Frappier Turner & Engel, LLP. Defs.' App. 110-11. Also, the mortgage was properly assigned from HFCIII to LSF8 Master Participation Trust, and subsequently to U.S. Bank Trust. Defs.' App. 74-77. Thus, to the extent that Plaintiff claims Defendants did not have the authority to foreclose because they cannot show transfer of the loan agreement and deed of trust together, that claim fails. Defendants are entitled to summary judgment with respect to any "split-the-note" theory of wrongful foreclosure.

Further, insofar as Plaintiff challenges the validity of HFCIII, and subsequently, LSF8 Master Participation Trust's assignment of the mortgage and loan agreement, she lacks standing to do so. *See Herrera v. Wells Fargo Bank,*

6

*N.A.*, 2013 WL 961511, at *8 (S.D. Tex. Mar. 12, 2013) ("In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements.") (citations omitted). District courts have recognized two exceptions to this rule; the first, and primary, exception is "where an assignee of a claim sues the obligor for performance under circumstances rendering the assignment void, but not voidable," and the second is that, "under very limited circumstances, Texas law allows a defendant sued on a negotiable instrument to assert defenses and claims held by others." *Holloway v. Wells Fargo Bank, N.A.*, 2013 WL 1187156, at *6 (N.D. Tex. Feb. 26, 2013), *report and recommendation adopted*, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013) (citations omitted). Void, rather than voidable, assignments may be challenged "because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice." *Id.* (citing *Tri—Cities Const., Inc. v. American Nat. Ins. Co.,* 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). Here, Plaintiff only appears to challenge the validity of the assignments, generally; she does not allege that the assignments are void or that she risks paying the same claim twice. Accordingly, Plaintiff lacks standing to challenge the assignment of her mortgage.

<u>Fraud in a Real Estate Transaction</u>

Plaintiff further appears to allege that Defendant Caliber fraudulently induced her into entering the loan modification agreement, in violation of Texas Business and Commerce Code § 27.01; this claim also fails. *See* Pl.'s Pet. 7-8. To

7

establish a statutory-fraud claim under Texas law, a plaintiff must prove that: (1) during a transaction involving real estate; (2) a party made a false representation of fact, false promise, or benefitted by not disclosing a third party's false representation; (3) that party made the false representation or promise to induce the plaintiff to enter into a contract; (4) the plaintiff relied on that false representation or promise by entering into the contract; and (5) that reliance caused the plaintiff injury. *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 823 (Tex. App.—Houston [1st] 2015, no pet.) (citing TEX. BUS. & COMM. CODE § 27.01). Texas Business and Commerce Code § 27.01, however, only pertains to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco, 2000 pet. denied). "'A loan transaction, even if secured by land, is not considered to come under the statute.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Burleson State Bank,* 27 S.W.3d at 611). Plaintiff and Defendant Caliber executed a loan modification agreement; however, she has not alleged any facts indicating that Caliber fraudulently induced her into engaging in a transaction for the transfer of real estate. Accordingly, Defendants are entitled to summary judgment with respect to this claim. *See Prendes v. Select Portfolio Servicing, Inc.*, 2012 WL 6913511, at *6 (N.D. Tex. Dec. 28, 2012) (granting summary judgment when "Prendes . . . failed to allege facts suggesting that SPS fraudulently induced him into participating in a transaction for the transfer of real estate . . .").

## Res Judicata

Defendants are entitled to summary judgment with respect to Plaintiff's FDCPA, RESPA, and TILA claims because they are barred by res judicata. "'Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (citing *Chicot Cty. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378 (1940); 1B James W. Moore, *Federal Practice* ¶ 0.405[1] (2d ed. 1974)). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt*, 365 F.3d at 395-96). The facts making up a transaction are "determined

9

pragmatically;" however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (quotation marks and citation omitted).

Plaintiff cites *Manuel et al. v. Caliber Home Loans, Inc.*, et al., 2:14-cv-5233-SRC-CLW, a prior class action, as confirmation that Defendants sent fraudulent residential mortgage loan disclosures to her in violation of the FDCPA, RESPA, and TILA. *See* Pl.'s Pet. 6; Defs.' App. 131, *Manuel et al. v. Caliber Home Loans, Inc.*, et al., 2:14-cv-5233-SRC-CLW, Aug. 20, 2015 Final Approval Order. However, res judicata, as well as the Stipulation of Settlement itself, prevent Plaintiff from bringing the class's claims individually. Defs.' App. 134 ("The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation.").

First, both Plaintiff and Defendants in the present case were parties to *Manuel*. Caliber and U.S. Bank Trust were defendants in *Manuel*, and District Judge Stanley Chesler's Final Approval Order defines the settlement class in that case as containing those people who received from Caliber: "(1) a letter with the title 'Notice of Sale of Ownership of Mortgage Loan,' dated January 9, 2014; (2) a letter with the title 'Welcome to Caliber,' dated February 12, 2014; and (3) a letter listing the creditor and principal amount of the loan, dated February 18, 2014." Defs.' App. 133. Plaintiff received a January 9, 2014 letter titled "Notice of Sale of Ownership of Mortgage Loan" from Caliber, making her a class member; she also received a "Notice of Class Settlement," informing her that her legal rights would be affected by the settlement of

10

*Manuel.* Defs.' App. 30; Pl.'s Pet. 56. Second, the district court had jurisdiction over the previous lawsuit, and, third, it approved the settlement and dismissed that lawsuit with prejudice. Defs.' App. 133-34; Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Last, the district court in *Manuel* defined the class's claims "as those claims of the Settlement Class arising from written communications sent by Caliber in connection with its servicing of residential mortgage obligations, which allegedly failed to make accurate disclosures as required by 15 U.S.C. § 1692g(a)(2) [FDCPA], 12 U.S.C. § 2605 [RESPA], and 15 U.S.C. § 1641(g) [TILA]." Defs.' App 133. Plaintiff now brings identical claims individually; as a result, they are barred by res judicata and the express terms of the Stipulation of Settlement. Defendants are entitled to summary judgment on Plaintiff's FDCPA, RESPA, and TILA claims on this ground alone.

## FDCPA

Nevertheless, though Plaintiff's FDCPA claim is barred by res judicata, it is further barred by limitations. FDCPA claims "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff alleges that "Caliber's use of a series of form letters and notices did not accurately convey certain disclosures required by FDCPA, RESPA, and TILA." Pl.'s Pet. 6. Plaintiff states that she received a "Notice of Sale of Ownership of Mortgage Loan" from Caliber on January 9, 2014, a "Notice of Servicing Transfer" from HFCIII on

11

January 16, 2014, and a "Notice of Servicing Transfer" from Caliber on February 12, 2014. *Id.* 5. However, Plaintiff did not file her lawsuit until November 13, 2017, well after one year from the notices' dates. *Id.* 2. Accordingly, Plaintiff's FDCPA claim is barred by limitations.

Even if Plaintiff's FDCPA claim were not barred by res judicata or the statute of limitations, Defendants would still be entitled to summary judgment. To successfully assert an FDCPA claim, a plaintiff must establish that "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a 'debt collector' defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Vick v. NCO Fin. Sys., Inc.*, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011), *report and recommendation adopted*, 2011 WL 1157710 (E.D. Tex. Mar. 28, 2011) (citation omitted). Plaintiff does not cite any specific section of the FDCPA that Defendants allegedly violated, nor does she provide any specific facts detailing Defendants' allegedly offending conduct. Defendants are, therefore, entitled to summary judgment on the grounds that Plaintiff failed to raise any evidence of Defendants' alleged FDCPA violation.

Further, if Plaintiff's claim is that Defendants did not properly respond to her debt validation request, then this claim also fails. *See* Pl.'s Pet. 5 ("The LFS8 Master Participation Trusts has never responded to questions regarding the ownership and I wanted a copy of the deed. They refused."). If a consumer notifies a debt collector in writing within the relevant thirty-day time period that she disputes the debt or requests the name and address of the original creditor, then

the debt collector must obtain verification of the debt, a copy of the judgment, or the name and address of the original creditor, and mail it to the consumer. *See* 15 U.S.C. § 1692g(b). Defendants complied with their obligations and sent Plaintiff a copy of the loan agreement; Defendants verified the debt and provided Plaintiff with the original creditor's name and address. Defs.' App. 62-73. Because Plaintiff raises no evidence to prove its FDCPA claim, in addition to being barred by limitations, Defendants are entitled to summary judgment on Plaintiff's FDCPA claim.

## RESPA

Like Plaintiff's FDCPA claim, in addition to being barred by res judicata, her RESPA claim fails because it is not timely; Plaintiff does not allege any specific facts or invoke any particular statutory section in connection with the claim; and the notice forming the basis of the claim meets all of the requirements. RESPA claims may be brought within three years of a violation of 12 U.S.C. § 2605, and within one year of a violation of § 2607 or § 2608. 12 U.S.C. § 2614; *Val-Com Acquisitions Tr. v. Bank of Am., NA*, 2011 WL 1457325, at *3 (N.D. Tex. Apr. 15, 2011) ("Claims brought pursuant to RESPA must be brought within either one or three years, depending upon the statutory provision that is claimed to have been violated."). The same "series of form letters and notices" that Plaintiff alleges did not accurately convey certain disclosures required by the FDCPA, RESPA, and TILA, appear to form the basis of Plaintiff's RESPA claim. *See* Pl.'s Pet. 6. Plaintiff received these notices in January and February 2014. *Id.* 5. Plaintiff filed her

lawsuit in November 2017; thus, even if Plaintiff's claims are subject to a three-year statute of limitations, any RESPA claim she had would have expired in January or February 2017. *Id.* 2. Accordingly, Plaintiff's RESPA claim is time-barred.

Defendants are further entitled to summary judgment with respect to Plaintiff's RESPA claim because she has not raised any evidence in support of her claim. RESPA seeks to protect consumers by promoting transparency and communication between borrowers and lenders; it attempts to achieve this by requiring servicers of federally-related mortgage loans to comply with specific notice and disclosure requirements. *Lackie v. PHH Mortg. Corp.*, 2018 WL 4409799, at *2 (N.D. Tex. Sept. 17, 2018) (citing 12 U.S.C. § 2605). Servicers failing to meet these requirements are liable to borrowers for actual damages resulting from their failure to comply. *Id.* (citing § 2605(f)(1)(A)). Plaintiff, however, has not alleged any specific facts to prove her claim, nor has she cited any specific statutory section that Defendants allegedly violated. Accordingly, Defendants are entitled to summary judgment on Plaintiff's RESPA claim. *See Val-Com Acquisitions,* 2011 WL 1457325, at *3 (dismissing Plaintiffs' RESPA claim as time-barred and also as "deficient because Plaintiffs have failed to allege any specific facts suggesting that their claim is plausible under RESPA. Indeed, they have failed to specifically invoke any particular section of RESPA").

Even if the Court construes Plaintiff's complaint as alleging that Defendant Caliber's notices failed to disclose information required by 12 C.F.R.

14

§ 1024.33(b)(4), Defendants are still entitled to summary judgment. Under 12 C.F.R. § 1024.33(b)(1), "each transferor servicer and transferee servicer of any mortgage loan shall provide to the borrow a notice of transfer for any assignment, sale, or transfer of the servicing of the mortgage loan."  That notice must contain:

> (i) The effective date of the transfer of servicing; (ii) the name, address, and a collect call or toll-free telephone number for an employee or department of the transferee servicer that can be contacted by the borrower to obtain answers to servicing transfer inquiries; (iii) the name, address, and a collect call or toll-free telephone number for an employee or department of the transferor servicer that can be contacted by the borrower to obtain answers to servicing transfer inquiries; (iv) the date on which the transferor servicer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments. These dates shall either be the same or consecutive days; (v) whether the transfer will affect the terms or the continued availability of mortgage life or disability insurance, or any other type of optional insurance, and any action the borrower must take to maintain such coverage; and (vi) a statement that the transfer of servicing does not affect any term or condition of the mortgage loan other than terms directly related to the servicing of the loan.

12 C.F.R. § 1024.33(b)(4). Caliber's February 12, 2014 notice to Plaintiff contains all of these required items. Defs.' App. 32-37. Accordingly, Plaintiff has not raised a genuine issue of material fact with respect to her RESPA claim, and Defendants are entitled to summary judgment.

## TILA

Plaintiff's third claim apparently based on the notices she received in January and February 2014, her TILA claim, is similarly time-barred. *See* Pl.'s Pet.

15

5-6. TILA claims may be brought within one year of the violation, or if 15 U.S.C. §§ 1639, 1639b, or 1639c has been violated, within three years of that violation. 15 U.S.C. § 1640(e). Because Plaintiff received the relevant notices in January and February 2014, the limitations period on any TILA claim she may have had would have expired in January or February 2017 at the latest. Plaintiff did not file her law suit until November 2017. Pl.'s Pet. 2. Thus, Plaintiff's TILA claim is also time-barred.

Even if it were not barred by res judicata or the statute of limitations, Plaintiff's TILA claim would fail. With respect to notices of new creditors, 15 U.S.C. § 1641(g)(1) requires that when a mortgage loan is transferred to another party, within 30 days of the transfer, the new creditor must notify the borrower of the transfer in writing and include:

> (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1). Plaintiff does not state any particular facts to support her TILA claim or cite any particular statutory section that Defendants allegedly violated. Because Plaintiff does not raise any evidence in support of her TILA claim, Defendants are entitled to summary judgment on that claim as well. *See Val-Com Acquisitions*, 2011 WL 1457325, at *3 (dismissing TILA claim where "Plaintiffs' factual allegations [were] nonexistent regarding exactly what

16

disclosures were allegedly withheld"). Moreover, Defendant Caliber's January 9, 2014 letter, its "Notice of Sale of Ownership of Mortgage Loan," contains the required items listed in § 1641(g). Defs.' App. 30. Thus, even if the Court construed Plaintiff's complaint as alleging that Defendants' notices were deficient under § 1641(g)(1), Defendants are still entitled to summary judgment.

## **RECOMMENDATION**

For the reasons stated, the District Court should GRANT Defendants' Motion for Summary Judgment (ECF No. 8) and DISMISS WITH PREJUDICE Plaintiff Nell V. McClung's claims against Defendants U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust, and Caliber Home Loans, Inc.

**SO RECOMMENDED**.

January 24, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).