IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NELL V. MCCLUNG,<br><br>    Plaintiff,<br><br> v.<br><br>U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC., HOUSEHOLD FINANCE CORPORATION III<br><br>    Defendant. | No. 3:18-cv-00365-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* foreclosure case is Plaintiff Nell V. McClung's "Motion to Continue Due Rule 6 Reconsideration of Magistrate Decision or Recusal." (ECF No. 37). For the reasons stated, Plaintiff's Motion to Continue should be construed as a Rule 60(b) Motion for Relief from Judgment and DENIED.

On April 1, 2019, Plaintiff filed her Motion to Continue, requesting "continuation of this litigation" and re-urging arguments made in her objection to the January 24, 2019 Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR"), recommending that Defendants' Motion for Summary Judgment be granted. FCR (ECF No. 30); Pl.'s Obj. (ECF No. 33). However, on February 26, 2019, the District Court entered its order accepting the

1

January 24, 2019 FCR, overruling Plaintiff's objections, and final judgment, dismissing Plaintiff's claims against Defendants with prejudice. Order Accepting (ECF No. 35); Final Judgment (ECF No. 36). Because Plaintiff is not entitled to a second opportunity to file objections post-judgment, her Motion should be liberally construed as either a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 59(e) motions to alter or amend a judgment must be brought within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Here, Plaintiff filed her Motion on April 1, 2019, more than 28 days after the Court's February 26, 2019 judgment. Accordingly, Plaintiff's Motion to Continue should instead be construed as a Rule 60(b) motion for relief from judgment. *See Smith v. Tex. Dep't of Criminal Justice, Institutional Div.*, 79 Fed. Appx. 61, 62 (5th Cir. 2003) (per curiam) (construing motion to reopen civil rights action that had been dismissed under Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)); *Green v. State Farm*, 2017 WL 3835873, at *2 (N.D. Tex. Aug. 7, 2017), *adopted by* 2017 WL 3780488 (N.D. Tex. Aug. 31, 2017) (same).

Rule 60(b) provides for relief from a final judgment and states that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

2

> excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial proceeding that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (internal quotations and citations omitted). When ruling on a Rule 60(b) motion, courts should consider:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

3

The Court interprets Plaintiff's Motion as requesting relief from the Court's Final Judgment on grounds that the judgment was obtained by fraud. *See* Mot. 4 ("The Ruling by the Magistrate is incorrect and based on a fraudulent Foreclosure Order that is voided."). "A court may relieve a party or its legal representative from final judgment . . . for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Under Rule 60(b)(3), the movant bears the burden of establishing "that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct," and the District Court has discretion in determining whether the burden has been met. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citations omitted); *Evenson v. Sprint/United Mgmt. Co.*, 2011 WL 3702627, at *4 (N.D. Tex. Aug. 23, 2011). The alleged conduct must prevent "the losing party from fully and fairly presenting his case or defense." *Rozier,* 573 F.2d at 1339 (citing *Toledo Scales Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923); *Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953)). "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.*

In her Motion, Plaintiff maintains that Defendants acted "in concert with others in order to defraud [her] of the legally protected homestead as described in the Expedite Foreclosure filed in May 30, 2017" and that Defendants stole her identity via an "illegal Instrument filed in 2014." Mot. 2-3. However, Plaintiff offers

4

no specific facts or evidence to prove that the Final Judgment was unfairly obtained. Rather, she only asserts generally that "Defendants continue to conspire and act in concert with other parties to complete the identity fraud." *Id.* 4. Plaintiff raised these same arguments in previous motions, considered before the Court entered Final Judgment. *See* FCR 6-7 (ECF No. 29); FCR 7-8 (ECF No. 30). Furthermore, the Court previously stayed proceedings for 90 days to accommodate Plaintiff's illness—thus, she has had a fair opportunity to present her case. June 1, 2018 Order (ECF No. 19). Accordingly, the Court finds that Plaintiff has not carried her burden to demonstrate that Defendants "obtained a verdict through fraud, misrepresentation, or other misconduct."

In addition to general fraud allegations, Plaintiff also attempts to relitigate whether the assignment of her mortgage was fraudulent and whether Defendants improperly removed this action to federal court. *See e.g.*, Mot. 3-4, 8. Plaintiff asserts that "[t]he validity of this transfer to LSF8 Master Participation Trust was void as a legal entity and void because it violated the Business and Commerce code to engage in a transfer as a TRUST," and that "[t]he Defendants were aware of the Plaintiff's limitations and used the REMOVAL to Federal Court to Obstruct Justice and Defraud the Plaintiff of over $600,000 in cash and assets." *Id.* 3, 5. Those issues have been fully litigated in this Court, and "a Rule 60(b) motion may not be used as a substitute for a timely appeal." *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam) (citations omitted). Thus, Plaintiff is not entitled to relief under Rule 60(b), and her Motion should be denied.

5

In Plaintiff's Motion, she also requests "for this [litigation] to be continued" so that the Court may rule on her simultaneously filed "Motion for the Appointment of Counsel," (ECF No. 38), "to handle this complicated legal structure needed to return the cash, property and remedies to the Plaintiff." Mot. 11. A plaintiff in a civil action is not entitled to court-appointed counsel as a matter of right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court. *See* 28 U.S.C. § 1915(e)(1). A general showing of exceptional circumstances is required to warrant appointment of counsel. *United States v. 1604 Oceola*, 803 F. Supp. 1194, 1198 (N.D. Tex. 1992) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam)). No clear definition of the "exceptional circumstances" standard exists, but the inquiry as to whether exceptional circumstances exist examines two basic factors: (1) the type and complexity of the case, and (2) the abilities of the individuals bringing it. *Branch*, 686 F.2d at 266. The Court has reviewed the record in this case and finds no exceptional circumstances exist to justify the appointment of counsel. Plaintiff's Motion for the Appointment of Counsel is, therefore, denied.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Plaintiff's "Motion to Continue Due Rule 6 Reconsideration of Magistrate Decision or Recusal," (ECF No. 37), be construed as a motion under Fed. R. Civ. P. 60(b) and that the Motion

be DENIED. Additionally, Plaintiff's "Motion for the Appointment of Counsel," (ECF No. 38), is DENIED.

**SO RECOMMENDED.**

June 7, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).